**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | Cr. No. C-11-251-1 |
| | § | |
| ARLEY GARCES-ANGULO. | § | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Pending before the Court is Arley Garces-Angulo's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). D.E. 34. Because Garces-Angulo is not eligible for a sentence reduction for the reasons stated below, the motion is DENIED.

Garces-Angulo was convicted in 2011 on his plea of guilty to Illegal Reentry. D.E. 21. He was sentenced to 42 months imprisonment. Id. Garces-Angulo contends that the recent changes in the Sentencing Guidelines, including the elimination of recency points, apply to reduce his guideline range pursuant to 18 U.S.C. § 3582(c)(2).

When Garces-Angulo was sentenced in June 2011, the Probation Department calculated his guideline range based upon an assessment of 8 points for Illegal Reentry and an additional 16 point enhancement because he was previously convicted of a crime of violence (Burglary of a Habitation). D.E. 16 at ¶ 12 (citing U.S.S.G. §2L1.2(b)(1)(A)(ii)). After subtracting points for his acceptance of responsibility, Garces-Angulo's total offense level was 21. See D.E. 16 at ¶¶ 17-20.

Garces-Angulo criminal history points totaled 3 for a criminal history category of II. The points resulted from his 2003 Burglary of a Habitation in Texas. He was released from prison in 2005 into the custody of Immigration and Customs Enforcement. D.E. 16 at ¶ 22.

In April 2011, the Sentencing Commission amended § 2L1.2 to provide that a qualifying enhancement that did not receive criminal history points would add fewer enhancement points than a qualifying enhancement that generated criminal history points. Under the amendment, if defendant's burglary conviction had been more than 15 years old such that it did not count in his criminal history points, his enhancement would have been only 12, rather than 16. See Amendment 754, Sentencing Guidelines Manuel, Vol. III, Appendix C. The Amendment was effective November 1, 2011. As a factual matter, even if the Amendment is retroactive, it does not affect the calculation of Garces-Angulo's offense level because his prior conviction counted for criminal history points. Although Garces-Angulo complains of recency points, none applied to his guideline calculation.

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) in cases like this one is extremely limited. Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Id. However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); see also Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Such

defendants are entitled to move for retroactive modification of their sentences. Freeman, 131 S.Ct. at 2690-91.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Garces-Angulo seeks to apply must, therefore, be listed in that section. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Even if Garces-Angullo's guideline calculation was affected by Amendment 754, Amendment 754 is not listed in § 1B1.10(c) and is, therefore, not retroactive. Accordingly, this Court may not reduce Garces-Angulo's sentence.

**CONCLUSION**

The Court DENIES Garces-Angulo's motion (D.E.34) to reduce sentence.

It is ORDERED this 15th day of May 2012.

Hayden Head
HAYDEN HEAD
SENIOR U. S. DISTRICT JUDGE